SHORT RECORD
NO. 24-1705
FILED 04/26/2024



April 24, 2024

NOTICE OF APPEAL
1:23-cv-02704

The Judgment was prematurely made on this case without evidence, and without proper documents with facts of the case. The Judge has refused to provide proper accommodations for me to have a fair trial, based on the appalling damages done to me by the Defendants of this case. I was unable to financially afford printing costs and I have been unable to properly respond to the judge's orders due to the harms done to me by Defendants, which places me at such a disadvantage in this lawsuit that I need to be provided accommodations for a fair trial.

There was nothing for the Judge to rule on due to the fact that I have been denied the necessary documents by Defendants which are required to properly outline the facts of the case and make statements of claims on which a ruling could be made for relief. I am, for example, unable to list the Defendants properly without this information being withheld by Defendants, and I am unable to list dates and times of incidents with proper names unless this information is released by Defendants. The withholding of this information by Defendants is itself a crime, and the subject of one of my lawsuits against Defendants. It is a tactic used by Defendants to commit crimes and supress reports about Defendants' crimes so Defendants are able to get away with their crimes wihtout ever facing punishments and without ever going through proper reporting processes with government offices or through the American Judicial Systems.

I am unable to have a fair judicial process without an attorney appointed to me for accommodations to deal with the injuries done to me by Defendants. And without a subpoena of the evidence that is essential to make a proper statement of facts about the case which the Defendants are refusing to release, despite my FOIA requests and explanations to Defendants that I am unable to file a lawsuit against Defendants without this information from them.

The crimes Defendants have done to me are so inhumane that it requires a court case so I am able to move forward in my life without suffering inhumane harms, damages. The Defendants have made me homeless as retaliation for reporting Defendants and cooperating with protected activities to report the crimes of the Defendants. I am unable to rent an apartment without a cosigner due to these damages and harms, and career and financial ruin I am being forced to suffer make it dangerous for me on a daily basis unless these damages and harms are corrected -- I am forced to walk using crutches due to the physical harms from defendants, and retaliation to block me from necessary medical care.

I am being denied my rights as a Human Being, denied my Constitutional Rights because I am a Woman. The abuse against Women in the USA is so prevalent that the crimes of physical abuse done to me by Defendants are socially acceptable, even though they are illegal and crimes outlines in every Bible. I am asking that the Courts recognize me as a Human Being and provide

me my Rights to a fair trial where a ruling can be made against the Defendants and deter others from harming and abusing women and children in our country.

The Defendants are such major entities that the harms being done impact literally millions of people throughout the country and overseas. The Defendants are impacting our relationships with our allies overseas in a negative manner, committing crimes in the name of the USA. I believe this lawsuit is extremely serious and that it cannot be dismissed. The Defendants have proven that they will not stop harming innocent civilians, and will not stop committing these crimes.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 2704 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| UNIVERSITY OF ILLINOIS, | ) | |
| UNIVERSITY OF NOTTINGHAM, | ) | |
| GOOGLE, and | ) | |
| GOOGLE DEEP MIND, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's second amended complaint [35] fails to state a claim upon which relief can be granted. Accordingly, this case is dismissed. Plaintiff's motion for an in-person hearing [32] and motion to request mediation [40] are denied as moot. Civil case terminated.

## STATEMENT

Plaintiff initially filed a complaint alleging that she suffered "systemic harms" from her "employers" and that she was "punished for following their internal policies to report employment law violations, [and] civil, state, federal, [and] constitutional law violations" done to her. (Compl. 4, ECF No. 1.) Plaintiff further alleged that "the employers fired" her (*id*. at 1), and that her "employers" "create[d] a falsified paper trail against" her in order to "evade the law" by claiming that she violated their "internal rules." (*Id*. at 4.) Plaintiff finally alleged that her "property was stolen and is now being used inside every [G]oogle product." (*Id*.)

Because Plaintiff filed an application to proceed *in forma pauperis*, the Court screened Plaintiff's complaint to determine whether it failed to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii). The Court found that it was unable to discern in Plaintiff's allegations a plausible claim for relief and dismissed Plaintiff's complaint without prejudice on June 7, 2023. (ECF No. 6.) The Court granted Plaintiff until June 29, 2023, to file an amended complaint. (*Id*.) She did not timely do so. On October 24, 2023, Plaintiff filed an amended complaint comprised only of a blank complaint form and a list of over 90 defendants. (ECF No. 26.)

The Court gave Plaintiff a second chance, until November 22, 2023, to file a second amended complaint that stated a claim on which relief may be granted. (Order dated Oct. 26, 2023, ECF No 28.) The Court cautioned Plaintiff that Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). The Court instructed that if Plaintiff wished to proceed with this lawsuit, she had to submit an amended complaint that streamlined her allegations, clarified her claim(s), provided only the information that was relevant to each claim she was attempting to raise, and linked specific allegations to specific defendants named in the caption of the amended pleading. The Court further instructed that under Rule 8, Plaintiff's amended complaint should focus concisely on the facts necessary to present and support her claims, while leaving out extraneous and irrelevant matters, so that the defendant(s) would know how to answer the complaint. *See Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) ("'Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" (citation omitted)); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378–79 (7th Cir. 2003) (a complaint that is too jam-packed with details makes it too difficult to comprehend and too difficult to answer); *Stagman v. Evans*, No. 16 C 6043, 2017 WL 1105491, at *3 (N.D. Ill. Mar. 24, 2017) (citing *Stanard* and *Garst*, *supra*). Further, the Court warned Plaintiff that she had to submit an amended complaint that stood on its own, without reference to any prior complaint. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("[A]n amended complaint supersedes an original complaint and renders the original complaint void[.]").

Subsequent to the Court's October 26, 2023 Order, Plaintiff filed a document titled "Amended Complaint" that was not an amended complaint but rather a request that the Court issue subpoenas for "necessary evidence" to over 90 entities that she sought to add as defendants in this case. (ECF No. 29.) By Minute Entry dated November 7, 2023, the Court denied Plaintiff's request for a subpoena and struck the "Amended Complaint" filed at ECF No. 29. (Minute Entry, ECF No. 31.) The Court also denied Plaintiff's motion for an extension of time to file an amended complaint. (*Id.*)

On November 22, 2023, Plaintiff filed a document that was entered on the docket as a "Letter" but is itself titled "Amended Complaint", which the Court now screens as Plaintiff's second amended complaint (the "Second Amended Complaint"). (ECF No. 35.)

*Allegations Against Google and Google DeepMind*

As best the Court can tell, Plaintiff alleges that she was employed as an intern at Google when she reported unspecified incidents to Google's Human Resources department and to the Equal Employment Opportunity Commission ("EEOC"); Google retaliated against her so that she lost her fully funded PhD and was blacklisted by particular teams at Google; and when she was offered other jobs in the technology industry, people checked her references and withdrew their job offers after speaking to Google. (Second Am. Compl. ¶¶ 10, 16, 29.) Plaintiff alleges that she is the "only student who filed 'official' reports and was trying to report on behalf of many others accusations of scientific fraud, data fabrication, labor law violations and more" (*id.* ¶ 8), although it is unclear whether this reporting occurred while Plaintiff worked for Google. Plaintiff alleges that she has been blacklisted to the point that she cannot work anywhere or continue in academia. (*Id.* ¶ 11.) Google DeepMind "shut down" a paper that she had completed because "it included [her] Intellectual Property and Google claimed the paper/project had no 'value' to the company— which is not true." (*Id.* ¶ 18.) However, Google only claimed her work had no value in order to

2

"get out of paying damages for the incidents [she] was forced to report." (*Id.* ¶ 19.) Plaintiff alleges that this was defamation (*id.* ¶ 23) and that Google is now benefitting from using her intellectual property in every single Google product. (*Id.* ¶ 21.) Plaintiff states that she is not asking for money from Google, but rather asks that Google tell the truth about her intellectual property and requests that the Court calculate her contribution to Google to show that her work is valuable. (*Id.* ¶¶ 20–21.) Plaintiff is currently homeless and her "goal" is to "correct the character defamation—damages to [her] career so [she] can gain employment and return to being a successful, productive member of society[.]" (*Id.* ¶ 30.)

Plaintiff's claims against Google and Google DeepMind do not survive the Court's initial screening. Plaintiff may be attempting to state a Title VII claim for retaliation. Title VII protects an employee from discrimination when "[s]he has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3(a). Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). "A retaliation claim requires proof that the plaintiff suffered an adverse employment action because of his statutorily protected activity; in other words, the plaintiff must prove that he engaged in protected activity and suffered an adverse employment action, and that there is a causal link between the two." *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016). To adequately state a claim for retaliation, a *pro se* plaintiff need "allege only that she was subject to an adverse employment action after she engaged in a specifically identified *protected* activity." *Smith v. EMB, Inc.*, 576 F. App'x 618, 620 (7th Cir. 2014) (emphasis original) (listing cases); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) ("The protected activity must be specifically identified.").

Plaintiff fails to allege facts that would permit the inference that she engaged in protected activity. Although Plaintiff alleges that she reported to Google's Human Resources department and to the EEOC, she does not allege what incident(s) she reported. *See Smith*, 576 F. App'x at 620 (affirming dismissal for failure to state a claim for relief of *pro se* plaintiff's retaliation claim where she did not "illuminate . . . what she reported to her general manager as 'discriminatory'"). To the extent Plaintiff was reporting scientific fraud, data fabrication, or labor law violations, such reports do not concern an unlawful employment practice on the basis of "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). The Court is thus left without a plausible factual basis for a Title VII retaliation claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005) ("[P]leading is still vitally important to inform the opposing party of the grounds upon which a claim rests; a complaint is adequate only if it fairly notifies a defendant of matters sought to be litigated." (quotation marks and citations omitted)).

Next, Plaintiff may be attempting to bring a claim against Google DeepMind for defamation. "Defamation is the publication of a false statement that 'tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.'" *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (quoting *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006)). Plaintiff alleges that Google DeepMind "shut down"

her paper and claimed it had "no value," which Plaintiff claims is untrue. Plaintiff does not allege facts that this statement was communicated to anyone but herself. *See Stang v. Union for Reform Judaism*, 479 F. Supp. 3d 739, 741 (N.D. Ill. 2020) (to state a claim for defamation, a plaintiff must allege facts showing, *inter alia*, that the defendant "made an unprivileged publication of that statement to a third party"); *Richardson v. Metro. Fam. Servs.*, No. 14-CV-1711, 2014 WL 7205581, at *8 (N.D. Ill. Dec. 18, 2014) ("To prove publication, the plaintiff must show that the defamatory statements were communicated to some person other than plaintiff."). Accordingly, Plaintiff fails to allege an essential element of a claim for defamation—publication to a third party—and this claim is dismissed.

### *Allegations Against the University of Illinois*

Plaintiff alleges that she was harassed at the University of Illinois for her "conservative views" and the "harms done to [her] at Google." (Second Am. Compl. ¶ 33.) She further alleges that people did not want to work with her because they were afraid of her because she "was reporting." (*Id*.) Plaintiff ran a "women's non-profit to help women being victimized" and "to help children who need care," which Martha Gillette—the Director of the Neuroscience Department— told her to shut down to stop the harassment Plaintiff was experiencing. (*Id*. ¶¶ 34, 47–48, 54.) The "Title IX Office" told Plaintiff that this is illegal and a civil rights violation. (*Id*.) Plaintiff was pressured by the Title IX Office to file reports against Samuel Beshers, Martha Gillette, and Zuofu Cheng. (*Id*. ¶ 36.) The Title IX Office allegedly threatened her job and told her she would be violating federal laws if she did not cooperate with them. (*Id*.) Plaintiff alleges that "[v]ictims are told that if they do not report sexual harassment, rape, etc. then the people doing it will attack more victims[.]" (*Id*. ¶ 38.) Plaintiff alleges that Stephen Bryan, the Chancellor/Dean, wrote that she was dismissed from her position at the University of Illinois for filing "too many" reports. (*Id*. ¶ 51.) Plaintiff alleges that she suffered "onsite work injuries and overburdening to the point [she] need[s] expensive medical care but cannot afford it." (*Id*. ¶ 43.) Plaintiff does not seek any money from the University of Illinois. (*Id*. ¶ 44.) Rather, she requests that the "damages to [her] transcript and Academic Record" be "corrected," specifically by awarding her the master's degree that she earned, so that she can regain employment and finish her PhD. (*Id*. ¶¶ 65–66.)

Plaintiff's claim against the University of Illinois also does not survive the Court's initial screening. Plaintiff may be attempting to state a Title IX claim for retaliation. "A recipient of federal funds retaliates against a person in violation of Title IX when (1) the person 'engage[s] in a statutorily protected activity'; (2) the school 't[akes] a materially adverse action against' the person; and (3) 'there exist[s] a but-for causal connection between the two.'" *Conviser v. DePaul Univ.*, 649 F. Supp. 3d 686, 705 (N.D. Ill. 2023) (quoting *Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017)). Subject to certain exclusions, Title IX "broadly prohibits a funding recipient from subjecting any person to 'discrimination' 'on the basis of sex.'" *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005) (quoting 20 U.S.C. § 1681). In assessing Title IX retaliation claims, courts look to case law concerning analogous suits brought under Title VII. *Conviser*, 649 F. Supp. 3d at 705 (quoting *Burton*, 851 F.3d at 695–96).

Plaintiff again fails to allege facts that would permit the inference that she engaged in statutorily protected activity. As best the Court can tell, Plaintiff alleges that she reported to the University of Illinois's Title IX office that Gillette told Plaintiff to shut down her "women's non-

profit" in order to stop the "harassment" Plaintiff was experiencing due to her "conservative views" and for the "harms done to [her] at Google." As noted above, Plaintiff does not allege what incident(s) she reported at Google. *See Smith*, *supra*. Nor does Plaintiff explain who was harassing her, the nature of that harassment, the nature of Plaintiff's "conservative views," the nature of the work Plaintiff's "women's non-profit" did to help "women being victimized" and "to help children who need care," or any other facts that might permit an inference that Plaintiff reported sex discrimination. The Court is left without a plausible factual basis for a Title IX retaliation claim against the University of Illinois. *See Iqbal*, *supra*; *Conner*, *supra*.

### *Allegations Against the University of Nottingham*

Plaintiff states only that the University of Nottingham falsely reported to the "British Home Office" that she was "not engaged with her studies" which has "ruined [her] Professional/Academic reputation." (Second Am. Compl. ¶¶ 22, 30.) It is possible that Plaintiff attempts to bring a claim for defamation against the University of Nottingham. "The elements of defamation are: (1) a defamatory assertion of fact about the plaintiff; (2) publication; and (3) injury to a plaintiff's reputation." *Salateski v. Marriott Int'l, Inc.*, 256 F. Supp. 2d 808, 809 (N.D. Ill. 2003). "A defamatory statement is one that 'tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with him.'" *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003) (quoting *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 206 (Ill. 1992)).

"Under Illinois law, defamation *per se* includes, *inter alia*, 'words that impute the inability to perform or want of integrity in the discharge of duties or office or employment; or words that prejudice a party, or impute a lack of ability, in his trade, profession or business." *Naylor v. Rockford Park Dist.*, No. 98 C 50315, 1999 WL 626762, at *4 (N.D. Ill. July 14, 1999) (emphasis original) (quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1245 (Ill. 1996); *Pope v. Chronicle Publ'g Co.*, 95 F.3d 607, 613 (7th Cir. 1996)). "However, expressions falling within this category will be protected if they are opinion; that is, the statements cannot be reasonably interpreted as stating actual facts about the plaintiff." *Id.* (citing *Bryson v. News Am. Publ'ns Inc.*, 672 N.E.2d 1207, 1220 (Ill. 1996); *Hopewell v. Vitullo,* 701 N.E.2d 99, 103 (Ill. App. Ct. 1998)); *see also Chi. Conservation Ctr. v. Frey*, 40 F. App'x 251, 256 (7th Cir. 2002) ("Likewise, the First Amendment affords protection from liability to a speaker expressing a 'pure opinion.'" (citation omitted)); *Hopewell*, 701 N.E.2d at 102 ("Although a statement falls into a *per se* category, to be actionable, [a plaintiff] must show that the statement is not protected speech under the first amendment to the United States Constitution."). "In making this determination the court considers whether the language of the statement has a precise and readily understood meaning, whether the context in which the statement appears negates the impression that the statement has factual content, and whether the statement can be objectively verified as true or false." *Naylor*, 1999 WL 626762, at *4 (citing *Hopewell*, N.E.2d at 103). "This determination is a matter of law for the court to decide." *Hopewell*, 701 N.E.2d at 102.

"Although 'in one sense all opinions imply facts, the question of whether a statement of opinion is actionable as defamation is one of degree; the vaguer and more generalized the opinion, the more likely the opinion is nonactionable as a matter of law.'" *Chi. Conservation Ctr.*, 40 F. App'x at 256 (quoting *Wynne v. Loyola Univ. of Chi.*, 741 N.E.2d 669, 675 (Ill. App. Ct. 2000)).

5

For example, comments that a person was "fired because of incompetence" are too "vague and general to support an action for defamation as a matter of law." *Hopewell*, 701 N.E.2d at 105 (citation omitted); *see also Lifton v. Bd. of Educ. of City of Chi.*, 416 F.3d 571, 578 (7th Cir. 2005) (statements that plaintiff was "lazy," "burnt out," "looking for sympathy," "unstable, "resting on her laurels," and "doesn't want to work" were nonactionable statements of opinion that did not contain objectively verifiable factual assertions); *Doherty v. Kahn*, 682 N.E.2d 163, 172 (Ill. App. Ct. 1997) (statements that the plaintiff was "incompetent," "lazy," "dishonest," "cannot manage a business," and/or "lacks the ability to perform landscaping services" were nonactionable opinion because there were no specific facts at the root of the statements), *abrogated on other grounds by Byung Moo Soh v. Target Mktg. Sys., Inc.*, 817 N.E.2d 1105 (Ill. App. Ct. 2004).

Here, it is not clear from the complaint whether Plaintiff was employed at the University of Nottingham in any capacity, for example as an intern or PhD candidate. Even assuming the comment that Plaintiff was "not engaged with her studies" imputes a lack of ability in her trade, profession, or business and therefore qualifies as defamation *per se*, however, the Court finds that the comment is a nonactionable expression of opinion. First, although "not engaged" is an easily understood phrase, "its broad scope renders it lacking the necessary detail for it to have a precise and readily understood meaning." *Hopewell*, N.E.2d at 104. "There are numerous reasons why one might conclude that another is ["not engaged"]; one person's idea of when one reaches the threshold of ["not engaged"] will vary from the next person's." *Id*. Second, the statement cannot be objectively verified as true or false. "[A]ny reasonable determination of whether the statement's possible underlying facts are indeed false is foreclosed because it would entail an endless analysis of each and every fact connected with the execution of [Plaintiff's] duties[.]" *Id*. Simply put, the "statement is too broad, conclusory, and subjective to be objectively verifiable." *Id*. For these reasons, Plaintiff fails to state a claim for defamation against the University of Nottingham.

Although "*pro se* complaints . . . are to be construed liberally," *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013), "the plaintiff must give enough details . . . to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Plaintiff fails to do so despite multiple opportunities to amend her complaint. Accordingly, this case is dismissed. Plaintiff's motion for an in-person hearing (ECF No. 32) and to request mediation (ECF No. 40) are denied as moot. Civil case terminated.

**SO ORDERED.**                                    ENTERED: April 19, 2024

_____
**HON. JORGE ALONSO**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

Rose Meacham

Plaintiff(s),

v.

University of Illinois, et al,

Defendant(s).

Case No. 23 C 2704
Judge Jorge L. Alonso

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

☒ other: The Court dismisses this case for failure to state a claim.

This action was *(check one)*:

☐ tried by a jury with Judge             presiding, and the jury has rendered a verdict.
☐ tried by Judge               without a jury and the above decision was reached.
☒ decided by Judge  Jorge L. Alonso.

Date: 4/19/2024        Thomas G. Bruton, Clerk of Court

                       Lesley Fairley               , Deputy Clerk

APPEAL,TERMED,WEISMAN

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:23-cv-02704
# Internal Use Only

Meacham v. University of Illinois et al  
Assigned to: Honorable Jorge L. Alonso  
Cause: 42:1983 Civil Rights Act

Date Filed: 04/28/2023  
Date Terminated: 04/19/2024  
Jury Demand: Plaintiff  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: Federal Question

**Plaintiff**

**Rose Meacham** represented by **Rose Meacham**  
730 W. Lake St.  
Chicago, IL 60661  
Email: meacham.rose@gmail.com  
PRO SE

V.

**Defendant**

**University of Illinois**

**Defendant**

**University of Nottingham**

**Defendant**

**Google**

**Defendant**

**Google Deep Mind**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2023 | 1 | RECEIVED Complaint and no copies by Rose Meacham. (jj, ) (Entered: 05/01/2023) |
| 04/28/2023 | 2 | CIVIL Cover Sheet. (jj, ) (Entered: 05/01/2023) |
| 04/28/2023 | 3 | APPLICATION by Plaintiff Rose Meacham for leave to proceed in forma pauperis. (jj, ) (Entered: 05/01/2023) |
| 04/28/2023 | 4 | MOTION by Plaintiff Rose Meacham for attorney representation. (jj, ) (Entered: 05/01/2023) |
| 04/28/2023 | 5 | PRO SE Appearance by Plaintiff Rose Meacham. (jj, ) (Entered: 05/01/2023) |

| | | |
|---|---|---|
| 04/28/2023 | | CASE ASSIGNED to the Honorable Jorge L. Alonso. Designated as Magistrate Judge the Honorable M. David Weisman. Case assignment: Random assignment. (jj, ) (Entered: 05/01/2023) |
| 05/01/2023 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jj, ) (Entered: 05/01/2023) |
| 06/07/2023 | 6 | ORDER: Plaintiff's application to proceed in forma pauperis 3 is granted. However, for the reasons stated below Plaintiff's allegations are not sufficient to survive this Court's initial screening, and the Complaint 1 is dismissed without prejudice. Plaintiff's motion for attorney representation 4 is denied without prejudice. Plaintiff may file an amended complaint by 6/29/2023. Signed by the Honorable Jorge L. Alonso on 6/7/2023. Mailed notice (jh, ) (Entered: 06/07/2023) |
| 06/30/2023 | 7 | LETTER from Plaintiff Rose Meacham dated 6/28/2023. (jj, ) (Entered: 06/30/2023) |
| 07/11/2023 | 9 | MOTION by Plaintiff Rose Meacham for attorney representation (axk, ) (Entered: 07/13/2023) |
| 07/11/2023 | 10 | MOTION by Plaintiff Rose Meacham to subpoena evidence, facts, defendants lists, documents and accounts vital to case. (axk, ) (Entered: 07/13/2023) |
| 07/11/2023 | 11 | MOTION by Plaintiff Rose Meachamto subpoena evidence, facts, defendants lists, documents and accounts vital to case. (jn, ) (Entered: 07/13/2023) |
| 07/11/2023 | 12 | MOTION by Plaintiff Rose Meacham for attorney representation. (axk, ) (Entered: 07/13/2023) |
| 07/11/2023 | 13 | MOTION by Plaintiff Rose Meacham for attorney. (jn, ) (Entered: 07/13/2023) |
| 07/11/2023 | 14 | LETTER from Rose Meacham dated 7/11/2023. (jn, ) (Entered: 07/13/2023) |
| 07/11/2023 | 15 | LETTER from Rose Meacham dated 7/10/2023. (axk, ) (Entered: 07/13/2023) |
| 07/13/2023 | 8 | FIRED FOR CHRISTIAN VIEWS by Rose Meacham (axk, ) (Entered: 07/13/2023) |
| 07/21/2023 | 16 | LETTER from Rose Meacham. (jh, ) (Entered: 07/24/2023) |
| 07/21/2023 | 17 | LETTER from Rose Meacham. (jh, ) (Entered: 07/24/2023) |
| 09/06/2023 | 18 | MOTION by Plaintiff Rose Meacham. (jh, ) (Entered: 09/13/2023) |
| 09/06/2023 | 19 | MOTION by Plaintiff Rose Meacham. (jh, ) (Entered: 09/13/2023) |
| 09/06/2023 | 20 | EXHIBITS by Plaintiff Rose Meacham. (jh, ) (Additional attachment(s) added on 9/13/2023: # 1 Cont'd Exhibits, # 2 Exhibits) (jh, ). (Entered: 09/13/2023) |
| 09/06/2023 | 21 | EXHIBITS by Plaintiff Rose Meacham. (jh, ) (Entered: 09/13/2023) |
| 09/18/2023 | 22 | LETTER from Rose. (Exhibits) (jh, ) (Entered: 09/22/2023) |

| | | |
|---|---|---|
| 10/20/2023 | 23 | MOTION by Plaintiff Rose Meacham for hearing, subpoena approval. (Exhibits) (jh, ) (Entered: 10/23/2023) |
| 10/20/2023 | 24 | STATEMENT by Rose Meacham. (jh, ) (Entered: 10/24/2023) |
| 10/20/2023 | 25 | LETTER from Rose Meacham. (Exhibits) (jh, ) (Entered: 10/24/2023) |
| 10/24/2023 | 26 | AMENDED Complaint by Rose Meacham. (Exhibits) (jh, ) (Entered: 10/25/2023) |
| 10/24/2023 | 27 | EXHIBIT by Plaintiff Rose Meacham. (jh, ) (Entered: 10/27/2023) |
| 10/26/2023 | 28 | ORDER: The Court dismissed Plaintiff's complaint without prejudice on 6/7/23 for failure to state a claim 6 . Plaintiff was given until 6/29/23 to file an amended complaint, which she did not timely do. For the reasons set forth in the "Statement" section below, Plaintiff is given one more chance to file a second amended complaint that states a claim on which relief may be granted. Plaintiff may file a second amended complaint by 11/22/23. Failure to do so will result in the case being dismissed. Additionally, for the reasons set forth in the "Statement" section below, Plaintiff's renewed motions for attorney representation 9 12 13 are denied as moot. Plaintiff's motions to subpoena evidence, motion for a hearing, and motion for a judge and jury to decide the case 10 11 18 19 23 are denied as premature. Signed by the Honorable Jorge L. Alonso on 10/26/2023. Mailed notice (jh, ) (Entered: 10/27/2023) |
| 10/27/2023 | | MAILED Order dated 10/26/2023 and Amended Complaint to the Plaintiff. (jh, ) (Entered: 10/27/2023) |
| 11/02/2023 | 29 | AMENDED Complaint Defendants List by Rose Meacham. (Exhibits) (jh, ) (Entered: 11/06/2023) |
| 11/02/2023 | 30 | LETTER from Rose Meacham dated 11/1/2023. (Exhibits) (jh, ) (Entered: 11/06/2023) |
| 11/07/2023 | 31 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiff has filed a document titled "Amended Complaint" that is not an amended complaint but rather a request that the Court issue subpoenas for "necessary evidence" to over 90 entities that she seeks to add as defendants in this case 29 . This Court recently denied as premature 28 Plaintiff's multiple prior motions to subpoena evidence. "Expedited discovery is 'not the norm.'" Hard Drive Prods., Inc. v. Doe, 283 F.R.D. 409, 410 (N.D. Ill. 2012) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000)); see also Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."); Fed. R. Civ. P. 26(d)(2) (Early Rule 34 requests may only be made "[m]ore than 21 days after the summons and complaint are served on a party[.]"). "Plaintiff must make some prima facie showing of the need for the expedited discovery." Merrill Lynch, 194 F.R.D. at 623 (emphasis original). In other words, the Plaintiff must establish "good cause," for example "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Hard Drive, 283 F.R.D. at 410 (citations omitted) (cleaned up). No such showing has been made here, particularly where Plaintiff has not yet stated a cognizable claim for relief. Plaintiff's latest request for a subpoena is therefore denied and the "Amended Complaint" filed at 29 is stricken. Plaintiff is cautioned that |

| | | |
|---|---|---|
| | | additional premature and frivolous requests for subpoenas will be stricken. Plaintiff also filed a "Letter" 30 that requests an extension to 12/25/23 to file an amended complaint because she is being prevented from accessing the evidence that she intends to submit to the Court, which is so voluminous that it is cost-prohibitive for Plaintiff to print. Plaintiff attaches to her Letter over 50 pages of documents that are unrelated to any claims against Defendants and appear to be related to a dispute between Plaintiff and her landlord. By this Court's Order dated 10/26/23 28 , Plaintiff has already been granted an extension to file an amended complaint and has been warned regarding the 570-plus pages of exhibits and notes that she has filed on the docket in this case. Plaintiff's request for an extension of time appears designed to facilitate the filing of further voluminous exhibits and notes. Accordingly, Plaintiff's request for an additional extension of time to file an amended complaint is denied. The deadline of 11/22/23 remains for filing a second amended complaint that states a claim on which relief may be granted. Failure to do so will result in the case being dismissed. Finally, pursuant to Judge Alonso's case procedures set forth on the United States District Court for the Northern District of Illinois website, requests for Court action should be made by filing a "motion" on the docket. Motions must be noticed for a date certain and must be filed no later than 4:00 p.m. on the third business day preceding the day the motion is to be heard. Notice mailed by Judge's staff (lf, ) (Entered: 11/07/2023) |
| 11/07/2023 | 34 | LETTER from Rose Meacham dated 11/7/2023. (Exhibits) (jh, ) (Entered: 11/14/2023) |
| 11/08/2023 | 32 | MOTION by Plaintiff Rose Meacham for in-person hearing to discuss case. (Exhibits) (jh, ) (Entered: 11/14/2023) |
| 11/08/2023 | 33 | CONTINUED Entry by Rose Meacham. (jh, ) (Entered: 11/14/2023) |
| 11/08/2023 | 36 | EXHIBITS by Plaintiff Rose Meacham. (jh, ) (Entered: 11/30/2023) |
| 11/22/2023 | 35 | LETTER from Rose Meacham. (Exhibit) (jh, ) (Entered: 11/29/2023) |
| 12/01/2023 | 37 | LETTER from Rose Meacham. (jh, ) (Entered: 12/05/2023) |
| 12/04/2023 | 38 | STATEMENT by Rose Meacham. (jh, ) (Entered: 12/05/2023) |
| 12/28/2023 | 39 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/29/2023) |
| 12/29/2023 | 40 | MOTION by Plaintiff Rose Meacham to request mediation. (jh, ) (Entered: 01/03/2024) |

| | | |
|---|---|---|
| 04/19/2024 | 41 | ORDER: Plaintiff's second amended complaint 35 fails to state a claim upon which relief can be granted. Accordingly, this case is dismissed. Plaintiff's motion for an in-person hearing 32 and motion to request mediation 40 are denied as moot. Civil case terminated. Signed by the Honorable Jorge L. Alonso on 4/19/2024. Mailed notice (jh, ) (Entered: 04/22/2024) |
| 04/19/2024 | 42 | ENTERED JUDGMENT. (jh, ) (Entered: 04/22/2024) |
| 04/25/2024 | 43 | NOTICE of appeal by Rose Meacham regarding orders 42 , 41 (Received at the Intake Counter on 04/25/24.) (axk, ) (Entered: 04/26/2024) |
| 04/25/2024 | 44 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 43 (axk, ) (Entered: 04/26/2024) |